AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

United States of America
v.
Rusbelito Diaz-Velasquez
a/k/a Rubel Diaz-Velasquez

*Defendant(s)*

Case No. 2:25-mj-1079-KCD

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of April 3, 2025 in the county of Charlotte in the Middle District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. 1326(a) | Illegal Reentry of Deported Alien |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

/s/ David W. Strange
*Complainant's signature*

BPA, David W. Strange, United States Border Patrol
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 04/04/2025

Kyle C. Dudek
*Judge's signature*

City and state: Fort Myers, Florida

Kyle C. Dudek, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, David W. Strange, being duly sworn, hereby depose and state as follows:

1. I am a United States Border Patrol Agent and have been so employed since June 15, 1998.

2. In my capacity as a Border Patrol Agent, I am charged with enforcing U.S. immigration laws, both administrative and criminal. I am a federal law enforcement officer with the authority to execute arrest warrants and search warrants under the authority of the United States.

3. This affidavit is submitted in support of a criminal complaint. The statements contained in this affidavit are based on my personal experiences and observations as well as those of other law-enforcement officers. This affidavit does not contain every fact known to me relating to the investigation, but rather sets out only the facts that I believe are necessary to establish probable cause to believe that **Rusbelito DIAZ-Velasquez, a/k/a Rubel DIAZ-Velasquez,** is an alien voluntarily in the United States after removal without permission from the Attorney General or Secretary of Homeland Security, in violation of 8 U.S.C. § 1326(a).

## FACTS AND CIRCUMSTANCES

4. On April 3, 2025, Charlotte County Deputy Kristin Giaquinto stopped a Ford F-150 because the registered owner of the vehicle did not have a Driver License. Upon being stopped, the driver (and registered owner), **Rusbelito DIAZ-Velasquez**, stated that he did not have a driver's license and provided a Guatemalan passport as

identification. The passport showed the name **Rusbelito DIAZ-Velasquez** with a date of birth of February 21, 1995. Deputy Giaquinto provided me the information, and I ran the name and date of birth through several law-enforcement databases. I received an NCIC hit (FBI# 88XRN0063) for a subject named **Rubel DIAZ-Velasquez** with a date of birth of February 20, 1998, claiming to be from Mexico. I saw that there was an alias associated with that NCIC hit of **Rusbelito DIAZ-Velasquez** with a date of birth of February 21, 1995.

5. I arrived at the traffic stop, and Deputy Giaquinto arrested the driver for Operating a Motor Vehicle without a Valid License.

6. While at the traffic stop, I fingerprinted **DIAZ-Velasquez**. An automated fingerprint identification and matching system (IDENT) created by the Department of Homeland Security's Office of Biometric Identity Management indicated that **DIAZ-Velasquez's** fingerprints matched those associated with the individual assigned alien registration number 208 580 104 who had been deported in 2016.

7. After fingerprinting **DIAZ-Velasquez**, I read **DIAZ-Velasquez** his *Miranda* rights; I asked if he understood his rights, and he stated that he did. I showed him a photo from IDENT from when the Border Patrol encountered him the first time in March 2016, using the name **Rubel DIAZ-Velasquez**. I asked him who the person in the photo was, and he stated that it was him. I asked him if he had been removed from the United States, and he stated, "Yes." I asked him how he entered the United

States, and he stated he crossed near Phoenix, AZ. I asked him if he entered voluntarily, and he stated, "Yes." I asked him if he entered illegally, and he stated, "Yes." I reminded him that he needed permission from the Attorney General or DHS Secretary to re-enter the United States; I asked him if he had ever sought their permission, and he stated, "No." I showed him the name he used when he was apprehended in 2016, and asked him what his real name was, and he stated it is **Rusbelito DIAZ-Velasquez**. I showed him that he had told us he was from Mexico then, but now he has a Guatemalan passport. I asked him if he was from Guatemala, and he said, "Yes." I asked him how long ago he crossed into the United States. At first, he stated he did not remember, but then stated it was about a year and a half ago. I asked why he applied for asylum (in January 2025), and he stated so that his son could study here.

8. On April 3, 2025, I conducted a search of government databases and found no record showing that **DIAZ-Velasquez** had ever requested or received permission from the Attorney General, the Secretary of Homeland Security, or any other immigration official to reenter the United States after his deportation. If **DIAZ-Velasquez** had sought or received such permission, a record of such would have been present in the databases searched.

## CONCLUSION

9. Based on the foregoing facts, I respectfully submit that there is probable cause to believe that **Rusbelito DIAZ-Velasquez, a/k/a Rubel DIAZ-Velasquez,** is

an alien found voluntarily in the United States after removal without having obtained permission from the Attorney General or Secretary of Homeland Security to reapply for admission, in violation of 8 U.S.C. § 1326(a).

*/s/ David W. Strange*
David W. Strange
United States Border Patrol

Sworn to and subscribed to me via telephone on
this 4th day of April, 2025, in Fort Myers, Florida.

Kyle C. Dudek
Kyle C. Dudek
United States Magistrate Judge